C. H. VAN LAW, Appellant, v. W. E. WAUD, Appellee.

No. 43792.

APRIL 6, 1937.

REHEARING DENIED SEPTEMBER 24, 1937.

F. L. Meeker and C. H. Van Law, for appellant.

W. T. Bennett, for appellee.

HAMILTON, J.—The plaintiff, a practicing attorney, was the owner of the south 60 feet of the north 120 feet of lots 1, 2, and 3 in block 2 in Sleight's Addition to the town of Marshall, Marshall County, Iowa, on which property in 1901 he erected a dwelling house, in which he has resided with his family since 1902 down to the present time, the same admittedly constituting his

homestead. In 1919 he acquired title to the north 60 feet of lots 1 and 2 of said block 2, upon which the previous owner had erected a dwelling house. This latter tract had been owned by several different persons prior to the time the title was acquired by the plaintiff, and was used and occupied as a separate and distinct tract from that upon which plaintiff's home was located. After plaintiff acquired this property it was occupied by tenants, and at no time was any part of this north 60 feet used as a part of, or in connection with, the plaintiff's homestead property. In 1923 the plaintiff erected a garage large enough for two cars, but without partition of any kind, upon the northwest corner of this latter tract, and ever since, up until the time the sheriff's deed involved in this suit was executed, has occupied one stall in this garage for storing his own car. The residences on these two separate properties face the east upon Tenth Street, which is a north and south street, and the garage faces north upon State Street, which is an east and west street, and there is no means of access to this garage from the homestead tract except from the street over a driveway located on the latter tract. The garage sits back a short distance from the street. To get to the garage from the plaintiff's home, one must go north on Tenth Street to where it intersects State Street, then west on State Street to a driveway leading to the garage, turn south on the driveway into the garage. The only connection this garage has, or has ever had with the homestead tract, is by electric wires running from plaintiff's home to the garage, the lights being attached to the same meter.

In 1928 plaintiff and his wife mortgaged this north 60 feet of lots 1 and 2 in block 2 of Sleight's Addition to the town of Marshall. This mortgage was foreclosed and culminated in the execution of the sheriff's deed which plaintiff is seeking to have set aside and declared void. There appears to have been no contest of any kind in the foreclosure case, the plaintiff O.K.'ing the decree of foreclosure as to form, and there was no appeal from that decree. The property was purchased at foreclosure sale by the receiver of the bank which held the mortgage and the certificate of sale was later assigned to the defendant, W. E. Waud. The amount of the purchase price at foreclosure sale was $4,130.04. The mortgage was the usual form of mortgage with no reservations of any kind and contained the provision: ''The intention being to convey an absolute title in fee in said real

estate, including any right of homestead had therein." The property was sold at sheriff's sale in February, 1932. Defendant obtained the assignment of the certificate of sale in August, 1932, and in November, 1932, went to the plaintiff for the purpose of having an understanding as to the division of values between the property covered by the mortgage and other property owned by the plaintiff which was assessed with the mortgaged tract. This agreement is part of the evidence, and at that time the record shows that defendant Waud paid the county treasurer over $400 in taxes that were due, the plaintiff having failed to pay the taxes on this mortgaged property for a number of years. Likewise, the record shows that the defendant has paid since he acquired this certificate, taxes for subsequent years amounting to over $400. So at least for the purpose of taxation the plaintiff has made no claim to ownership in any part of the mortgaged property since November 30, 1932, and has paid none of the taxes thereon, nor has he offered to refund to the defendant any sums paid by way of taxes or otherwise, and makes no definite offer, either in his evidence, or in his petition to this effect. The only statement in regard to this matter is found in Paragraph 11 of the petition wherein plaintiff states that he has no adequate remedy at law, and therefore brings this his action in equity and "offers to do equity in the premises."

The tract covered by the mortgage never constituted, nor was any part of it ever used in connection with, the plaintiff's homestead property, but was always leased after he acquired title to it, and has at all times been used and occupied as a separate and independent tract upon which is a valuable residence property and this garage. At the time the garage was placed on the premises the rent was increased $5.00 a month. The leases contained a reservation of the west stall of this garage for use by the plaintiff, and he continued to use this garage until the sheriff's deed was executed, and it is upon this set of facts that the plaintiff claims this west stall of the garage as being an appurtenance to his homestead and a part thereof, and that the sheriff's deed is void because the sale of this north 60 feet covered by the mortgage was made without first platting the homestead.

We do not believe that the plaintiff has brought himself within the statute. Section 10135 defines a homestead and states that "it may contain one or more contiguous lots or tracts of land, with the buildings and other appurtenances thereon, habitu-

ally and in good faith used as a part of the same homestead.''
We do not have here one tract of land consisting of several contiguous lots all habitually used as a homestead, and out of which plaintiff was entitled to select one-half acre as a homestead. Under such circumstances platting would, of course, be imperative before sale on execution. We have here one lot on which the garage is built, no part of which has ever been used or occupied as a homestead or in connection with the homestead, but which has been at all times dealt with by the owner as separate and apart from his homestead. For many years it was owned by other people. When plaintiff purchased it he continued to lease it, not part of it, but all of it. The mortgage does not cover the homestead lot or any ground contiguous to the homestead lot which had ever been used in connection with the homestead lot, as a part of the homestead tract. To get to the garage with a car it is necessary to pass over the adjoining lot. There has been no change in the separate use and occupancy of these two properties since they were first improved more than thirty years ago.

It therefore follows that the decree of the trial court should be and is affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.